**Bahadur SINGH; Gurbux Kaur, a.k.a. Gurbax Kaur, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–70023.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 17, 2014.

Patrick Ontiveros Cantor, Esquire, Buttar & Cantor, LLP, Tukwila, WA, for Petitioners.

Jonathan Aaron Robbins, Esquire, Trial, OIL, Carol Federighi, Esquire, Senior Litigation Counsel, Eric Warren Marsteller, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM **

Bahadur Singh and Gurbux Kaur, natives and citizens of India, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Singh's testimony and his asylum application regarding the number of times he was arrested in India. *See id.* at 1047 ("inability to consistently describe the underlying events that gave rise to [petitioner's] fear was an important factor that could be relied upon by the [agency] in making an adverse credibility determination"). The agency reasonably rejected Singh's explanation for the inconsistency. *See Rivera v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Thus, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners' CAT claim also fails because it is based on the same testimony found to be not credible, and petitioners do not point to any evidence that shows it is more likely than not that they would be tortured if returned to India. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.